UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

"IN ADMIRALTY"

CROWLEY PUERTO RICO
SERVICES, INC.,

      Plaintiff,

v.                                        CASE NO. 3:14-cv-422-J-32JBT

CERVEZAS DEL SUR, INC.,

      Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion for Final Default Judgment Against Defendant Cervezas Del Sur, Inc. ("Motion") (Doc. 9). The Motion, as modified by the Affirmation of Amount of Attorney's Fees ("Affirmation of Attorney's Fees") (Doc. 11),[2] requests entry of a final default judgment against

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

[2] In the Motion, Plaintiff requests "contractual attorney's fees to be quantified in accordance with the Local Rules." (Doc. 9 at 3.) The Local Rules state that attorney's fees "shall be asserted by separate motion or petition filed not later than fourteen (14) days following the entry of judgment." M.D. Fla. R. 4.18(a). Rather than considering attorney's fees after the entry of judgment, the undersigned directed Plaintiff to file documentation as to the amount of attorney's fees and any evidence in support of the amount. (Doc. 10.)

Defendant in the total amount of $21,946.00, consisting of $19,626.00 in damages (Doc. 9 at 3), $670.00 in costs (*id.*), and $1,650.00 for attorney's fees (*id.*, Doc. 11 at 2). Defendant has not appeared despite being given adequate time to do so. Upon consideration, it is respectfully **RECOMMENDED** that the Motion be **GRANTED**.

## I. Background

Plaintiff filed this lawsuit on April 11, 2014, seeking to collect the amount Defendant allegedly owes on affreightment contracts. (Doc. 1 at 2–3.) Attached to Plaintiff's Complaint is a Customer Statement Report showing the various charges which add up to the principal amount claimed (Doc. 1-2 at 1), the invoices corresponding to the applicable bills of lading (*id.* at 2–6), and the terms and conditions of the applicable bills of lading (*id.* at 7–19).[3]

Plaintiff served the Complaint upon Defendant on April 28, 2014. (Doc. 5 at 2.) Defendant has not appeared. The Clerk of Court entered default against Defendant on May 27, 2014. (Doc. 7.) Plaintiff filed the instant Motion on August 4, 2014 and served it on Defendant the same day. (Doc. 9 at 4.) Along with the

---

[3] The undersigned notes that Plaintiff did not attach the applicable bills of lading. (*See* Doc. 1-2.) "[N]othing in the federal Rules of Civil Procedure requires Plaintiff to attach any document to the complaint. A plaintiff is only required to state a short and plain statement of the claim showing that the pleader is entitled to relief. The fact that Federal Rule of Civil Procedure 10(c) allows exhibits to be filed with the complaint does not create an affirmative duty to file such an exhibit." *United States ex rel. Chabot v. MLU Servs., Inc.*, 544 F. Supp. 2d 1326, 1329 (M.D. Fla. 2008) (internal quotation marks and citations omitted).

Motion, Plaintiff's attorney provided an Affirmation in Support of Motion for Final Default Judgment ("Affirmation") (Doc. 9-1) from the client, an Affirmation for Judgment by Default (Doc. 9-4) from the attorney himself, and the same invoices (Doc. 9-2) and terms and conditions (Doc. 9-3) previously filed with the Complaint.

## II.     Standard

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment.  First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court is authorized to enter a clerk's default against the defendant.  *See* Fed. R. Civ. P. 55(a).  Second, after receiving the clerk's default, the plaintiff must apply to the court for a default judgment, except in limited circumstances when application may be made to the clerk.  *See* Fed. R. Civ. P. 55(b).  A default judgment may be entered "against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b).  A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue."  *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

All well-pleaded allegations of fact are deemed admitted upon entry of default, but before entering a default judgment, a court must ensure that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted.  *See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200,

1206 (5th Cir. 1975); *see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) ("A default judgment cannot stand on a complaint that fails to state a claim.") (citations omitted). A sufficient basis must exist in the pleadings for the judgment entered. *See Nishimatsu*, 515 F.2d at 1206. A defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *See id.*; *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment").

Rule 8 provides that a complaint must include (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for relief. *See* Fed. R. Civ. P. 8(a). A complaint meets the requirements of Rule 8 if, in light of the nature of the action, the complaint provides factual allegations, which are assumed to be true, sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

4

elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555. Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." *Iqbal*, 556 U.S. at 678–79.

### III.   Analysis

#### A.   Subject Matter Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1333, which provides that the district courts "shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction." The test for whether a contract is a maritime contract is "whether it has reference to maritime service or maritime transactions." *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 24 (2004) (internal quotation marks and citation omitted). *See also Richard Bertram & Co. v. Yacht Wanda*, 447 F.2d 966, 967 (5th Cir. 1971) (per curiam) ("A maritime contract is one which concerns transportation by sea, relates to navigable waters and concerns maritime employment."). "[S]o long as a bill of lading requires substantial carriage of goods by sea, its purpose is to effectuate maritime commerce—and thus it is a maritime contract." *Norfolk S. Ry. Co.*, 543 U.S. at 27. The contracts of affreightment at issue provide for shipment of goods by sea, and thus they are maritime contracts.

## B. Whether Plaintiff Has Stated a Claim for Which Relief May Be Granted

The Complaint adequately states a claim for which relief may be granted. The elements of a breach of maritime contract claim are: (1) a valid contract; (2) a material breach; and (3) damages. *See F.W.F., Inc. v. Detroit Diesel Corp.*, 494 F. Supp. 2d 1342, 1360 (S.D. Fla. 2007) (discussing the elements of breach of contract in an admiralty case). The Complaint alleges that Defendant entered into affreightment contracts with Plaintiff whereby Plaintiff would ship goods between Jacksonville, Florida and Puerto Rico at the agreed charges to be paid by Defendant. (Doc. 1 at 2.)

The terms and conditions of the affreightment contracts are attached to the Complaint and the Motion (Doc. 1-2 at 7–19, Doc. 9-3), along with the invoices (Doc. 1-2 at 1–6, Doc. 9-2). The terms and conditions state:

> Full freight demurrage and other charges hereunder to destination shall be considered completely and irrevocably earned upon commencement of loading at the port of loading or place of receipt shown on the face hereof whether the freight be stated or intended to be prepaid or to be collected at destination, and Carrier shall be entitled to all freight and charges due hereunder whether actually paid or not and to receive and retain them irrevocably under all circumstances whatsoever, the Vessel and/or goods lost or not lost or the voyage broken up of [sic] abandoned.

(Doc. 1-2 at 15, Doc. 9-3 at 9.) The terms and conditions also state, "[f]reight, demurrage, and other charges shall be paid to Carrier in United States currency,

without discount or setoff of any kind . . . ." (*Id.*)

Plaintiff states that between July 2012 and September 2012, it shipped goods to the Port of San Juan and delivered them to Defendant. (Doc. 1 at 2.) Defendant has failed to pay the $19,626.00 "in ocean freight and related charges assessed in accordance with CROWLEY'S applicable contracts of affreightment, and is the responsible party to pay such charges." (*Id.*)

The Affirmation, signed by the Credit Manager for Crowley Maritime Corporation (the parent company of Crowley Puerto Rico Services, Inc.), states that the liquidated amount requested "is justly due and owing, and no part of which has been paid except as set forth herein." (Doc. 9-1 at 1.)

Thus, Plaintiff has adequately stated a breach of contract claim.

### C. Amount Claimed

"[A] judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (per curiam); *see also SEC v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005). The amounts claimed here are capable of mathematical calculation, so no hearing is required.

The amount owed on the affreightment contracts, $19,626.00, is set out in the Customer Statement Report. (*See* Doc. 1-2 at 1.) The Affirmation sets out the additional $670.00 in costs, which consists of a $20.00 statutory fee permitted by 28 U.S.C. § 1923(a), a $400.00 filing fee, and a $250.00 service of process fee. (Doc.

9-1 at 2.)

The Motion also requests contractual attorney's fees. (Doc. 9 at 3.) The terms and conditions of the affreightment contracts state that the "carrier shall be entitled to recover all costs of collection, including reasonable attorneys fees and expenses." (Doc. 1-2 at 15, Doc. 9-3 at 9.) The Affirmation of Attorney's Fees states that Plaintiff's counsel, Halley & Halley, P.A. and Dee M. Dolvin, P.A., undertook this matter on a 25% contingency fee arrangement to be divided equally between the law firms. (Doc. 11 at 1.) Plaintiff also includes counsel's hourly rate and itemized time estimates "which accurately reflect the work undertaken."[4] (*Id.* at 2.) The undersigned recommends awarding attorney's fees based on the hourly rate and estimates provided, which appear reasonable.[5] *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) ("The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate."). Plaintiff's counsel performed 6.6 hours of work at a rate of $250.00 per hour. (Doc. 11 at 2.) Thus, Plaintiff is entitled to $1,650.00 in attorney's fees. (*Id.*)

---

[4] Plaintiff states that "in contingent fee cases for collection of ocean freight time records are not kept in the same one-tenth of an hour method as would, for example, the defense of a cargo damage case in admiralty." (Doc. 11 at 2.)

[5] "[C]ontemporaneous time records are not indispensable where there is other reliable evidence to support a claim for attorney's fees." *Jean v. Nelson*, 863 F.2d 759, 772 (11th Cir. 1988). The undersigned recommends that counsel's estimates and affirmation of accuracy are sufficiently reliable in this case, particularly given the relatively low fee requested.

### IV. Conclusion

Based on the foregoing, the undersigned recommends that the Court enter default judgment in the amount of $21,946.00.

Accordingly, it is respectfully **RECOMMENDED**:

1. The Motion (**Doc. 9**) be **GRANTED**.

2. The Clerk of Court be directed to enter judgment in favor of Plaintiff Crowley Puerto Rico Services, Inc. and against Defendant Cervezas Del Sur, Inc. in the amount of $21,946.00 representing:

    a. $19,626.00 in damages;

    b. $670.00 in costs; and

    c. $1,650.00 in attorney's fees;

    d. Plus post-judgment interest accruing at the statutory rate set forth in 28 U.S.C. § 1961.

3. The Clerk be directed to close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on October 22, 2014.

*/s/ Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record

Defendant